## SUPREME COURT.

### Hollins & Napier agt. Mallard, &c.

Where the defendant mortgaged to the plaintiffs, to secure advances, the "invention, and every benefit and advantage to arise therefrom," known as the "Self-Regulating, Anti-Corrosive Gas-Burner," and "the patent," when obtained. And it appeared, on the part of the defendant, that such patent was never granted; but two other new inventions and patents, entirely distinct from the first, were obtained, to wit, one for "an improved regulator for gas-burners," and the other for "an improvement in gas-burners."

*Held,* that the defendant could not, by a pretended improvement, unexplained, and a mere subdivision of the invention into two parts, defeat the plaintiffs' rights. The law looks to the substantial intent of the parties, and not to mere verbal distinctions, and seeks to enforce the dictates of good faith.

On motion, by a defendant, to dissolve an injunction which enjoins the transfer to the plaintiffs of certain property, by way of mortgage, to secure advances; and the defendant seeks to extinguish by a set-off, or counter-claim, or by confession and avoidance, these advances, can the plaintiffs meet this new matter on the part of the defendant by *opposing affidavits?*

*Held,* that the same principle which gives to the defendant the right of answering the plaintiffs' case, must give to the plaintiffs the right of rebutting the defendants. (*Code,* § 226.)

Where a defendant moves, not upon "affidavits," as distinguished from an "answer," but upon affidavits with or without answer, "*on his part,*" as distinguished from the original papers, solely, *on the part of the plaintiff,* in such case the plaintiff may introduce "additional" affidavits to oppose the motion, and to sustain the injunction.

*New-York Special Term, October,* 1854.—Motion to dissolve injunction.

——— Steele, *for defendant.*
Geo. C. Goddard, *for plaintiffs.*

Roosevelt, Justice. On the 14th of July last, on the *ex parte* application of the plaintiffs, Hollins & Napier, an injunc-

tion was issued against the defendant, Mallard, restraining him from parting with or incumbering two certain patents, which he had obtained for improvements in the construction and regulation of gas-burners.

Before the patents were actually issued, but after they were applied for, a mortgage, it appears, for certain advances, was executed to the plaintiffs upon the "invention" known as the "Self-Regulating Anti-Corrosive Gas-Burner," and upon "the patent, when obtained." The patent, so applied for, Mallard says, was never granted. But, being rejected, he, upon further investigation, "did discover," he says, "and invent, *two* certain new and important improvements in gas-burners, distinct and different—[in what respect he does not state]—from the self-regulating, anti-corrosive gas-burner;" and for these inventions obtained two separate patents; one for "an improved *regulator for* gas-burners," and the other for "an *improvement in* gas-burners."

Mallard, having obtained advances upon the faith of the invention, and having, to secure them, mortgaged not only "all the invention," but every "benefit and advantage to arise therefrom," with a full "warranty" superadded also, cannot, by a pretended improvement, unexplained, and a mere subdivision of the invention into two parts, defeat the plaintiffs' rights. The law, especially as now administered, looks to the substantial intent of the parties, and not to mere shifts or verbal distinctions. And above all,—perhaps I may say, in spite of all,—it studies the dictates of good faith, and struggles to enforce them.

Admitting the right of the plaintiffs to a transfer of the patents, by way of mortgage, the advances of the plaintiffs, which the mortgage was to cover, are sought to be extinguished by a set-off, or counter-claim—in other words, by confession and avoidance. And the question is, as a point of practice, can this new matter on the part of the defendant, be met by opposing affidavits on the part of the plaintiffs. The same principle, it seems to me, which gives to the defendants the right of answering the plaintiffs' case, must give to the plaintiffs the right

of rebutting the defendants. And the Code accordingly (§ 226) provides, in effect, that if the defendant, instead of relying on the supposed insufficiency of the case made on the part of the plaintiff, rests his motion for a dissolution in any degree "upon affidavits on the part of the defendant," he gives his adversary the right to oppose the same " by affidavits or other proofs, in addition to those on which the injunction was granted." Such I understand to be the meaning of this section—a meaning most consonant also with the attainment of justice. The Code contemplates two modes of dissolving an injunction—one, the insufficiency of the plaintiff's papers on which the injunction was granted; the other, the countervailing force of the defendant's. If the defendant uses any papers " on his part," they must be " affidavits." An answer without an affidavit is of no avail. An affidavit—one or more—either distinct and independent, or shaped in reference to the contents of the answer, is indispensable. A jurat, so called, usually attached to an answer, is as much an affidavit as if written out at length on a different paper. Like other affidavits, it may be either positive or upon mere information and belief,—and, like other affidavits, where upon mere information and belief, it is entitled generally to little weight. In whichever form, however, if used at all, it may, in the language of the Code, (§ 226,) be " opposed " by counter affidavits on the part of the plaintiff. Some difference of opinion, I am aware, has existed on this point; but the practice now is generally recognized as above stated, namely, that where a defendant moves, not upon " affidavits " as distinguished from an " answer," but upon affidavits with or without answer, " on his part," as distinguished from the original papers, solely, on the part of the plaintiff, in such case the plaintiff may introduce " additional " affidavits to oppose the motion, and to sustain the injunction.

The defendants insist further, that their motion, if not granted absolutely, should be conditionally; that is, unless the plaintiffs give security for any damages should they ultimately fail in their suit. It is sufficient, to meet this suggestion, to say, that no such objection is stated in the notice given by the

defendants.    And as ·the 222d section of the Code prescribes that the judge issuing the injunction shall require an undertaking from the plaintiff, I am bound to presume that an undertaking was given, and in such amount, and with such sureties as, in the exercise of a sound discretion, he deemed proper.

The motion to dissolve must, therefore, be denied with costs.